

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00195-CR

JERRY LEON MCNEIL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F13586

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, Jerry Leon McNeil originally pled guilty to and was convicted of the offense of possession of a controlled substance in an amount of one gram or more but less than four grams. McNeil was sentenced to ten years' confinement and ordered to pay a $2,000.00 fine. In accordance with the terms of the plea agreement, however, his sentence was suspended, and he was placed on ten years' community supervision.[1] Subsequently, McNeil pled "true" to at least one of the State's allegations that he had violated the terms and conditions of his community supervision. Consequently, the trial court entered a finding that McNeil violated the terms and conditions of his community supervision, revoked his community supervision, sentenced him to ten years' confinement, and ordered him to pay $50.00 in court costs. McNeil appeals from the revocation of his community supervision.

McNeil's appellate counsel filed a brief January 15, 2015, that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]As a term of his community supervision, McNeil was ordered to pay $350.00 in attorney fees.

On January 15, 2015, counsel mailed to McNeil a copy of the brief, the appellate record, and the motion to withdraw. By letter, counsel informed McNeil of his right to review the record and file a pro se response. Counsel informed McNeil that any pro se response was due February 2, 2015, and also explained that McNeil could request an extension of time to file the pro se response, if needed. To date, McNeil has neither filed a pro se response nor requested an extension of time in which to do so.

We have determined that this appeal is wholly frivolous.[2] We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[2]We emphasize that this appeal in no way relates to McNeil's original guilty plea to the offense of possession of a controlled substance or to the judgment placing him on community supervision that was entered as a result of that guilty plea. Rather, this appeal is limited to a review of the order revoking McNeil's community supervision. In a nutshell, McNeil pled true to the State's allegation that he violated the conditions of his community supervision by failing to report to the community supervision office as ordered, and McNeil has raised no complaint that in any way challenges that plea. A plea of "true" to even one allegation is sufficient to support a judgment revoking community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

We affirm the trial court's judgment.[3]

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 27, 2015
Date Decided:       April 14, 2015

Do Not Publish

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.